IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**PUERTO RICO ASSOCIATION OF MAYORS, et al.,**

**Plaintiffs,**

**v.**

**HON. WALTER VÉLEZ-MARTÍNEZ, in his Official Capacity,**

**Defendant.**

**CASE NO. 20-1405 (GAG)**

## **OPINION AND ORDER ENJOINING ELECTORAL COMPTROLLER**

The current mayors of 45 Commonwealth municipalities, represented by plaintiff the Puerto Rico Association of Mayors and its president, challenge the constitutionality of Circular Letter OCE-DET-2020-02, issued by defendant, the Puerto Rico Elections Comptroller. This circular letter becomes effective on August 17, 2020. The same broadens what is considered official electronic media to web/social media pages of any "principal officer", regardless of whether these are official government or personal ones. By virtue of its dispositions sitting mayors (or any other elected officials) campaigning for the November 3, 2020 general election are barred under penalty of stiff monetary sanctions from disclosing in their social media that they currently hold a public position, as well their achievements as government officials. To give an example, Mayor Pike of Mayberry is seeking his fifth reelection. The Circular letter precludes him from stating in his personal Facebook page that he is the current mayor, as well as highlighting that during his tenure he appointed Sheriff Taylor who brought crime down

**Civil No. 20-1405 (GAG)**

to an all-time low. Likewise, he could not mention that Mayberry's budget is currently in surplus.

The First Amendment protects political association as well as political expression. Buckley v. Valeo, 424 U.S. 1, 15 (1976). More so, "the First Amendment has its fullest and most urgent application to speech uttered during a campaign for political office." Eu v. San Francisco Cty. Democratic Cent. Comm., 489 U.S. 214, 223 (1989). Political speech is unquestionably entitled to the highest degree of constitutional protection. See Burson v. Freeman, 504 U.S. 191, 196 (1992). "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976).

The mandate of the circular letter at bar unquestionably restricts the political speech of all political candidates who currently hold government office. More so, throughout the Covid-19 pandemic all candidates have had to reinvent their mode of political expression to necessarily rely more and more on social media. However, even if the pandemic ended today, the First Amendment does not distinguish between various lawful modes of expression. If the Commonwealth Elections Comptroller can effectively ban political expression in Facebook, Twitter and other digital age platforms, what precludes him from likewise doing so as to letters, publications or radio and television airtime? Or likewise, as to communications in face to face events, town hall meetings or caravans? Under the warped logic of the challenged provision of OCE-DET-2020-02 an analogous federal directive could likewise ban vice presidential candidate Kamala Harris from using her private Facebook and Twitter accounts

**Civil No. 20-1405 (GAG)**

to highlight her achievements as United States Senator. Likewise, President Trump could not highlight anything he has accomplished while serving as the Nation's First Executive.

The Elections Comptroller grossly misreads the Second and Fourth Circuit Opinions relied upon by him to justify the challenged directive in OCE-DET-2020-02. These cases stand for the here inapplicable proposition that a political candidate's social media may become a public forum from which users cannot be blocked. See Knight First Amendment Institute at Columbia University v. Trump, 928 F. 3d 226 (2nd Cir. 2019); Davidson v. Randall, 912 F.3d 666 (4th Cir. 2019). The prohibition at hand is hence clearly not sanctioned by said jurisprudence.

Plaintiffs clearly have met all requirements for a preliminary injunction to issue. OCE-DET-2020-02 is patently unconstitutional on its face as applied to private social media accounts of candidates seeking reelection or another elected government position. Moreover, without an injunction the mayors will suffer immediate and irreparable constitutional harm. Enforcing the First Amendment is also in the public interest. Finally, the Elections Comptroller has failed to present a compelling government interest that outweighs the freedom of political expression. His primary justification for issuing OCE-DET-2020-02 assumes that public resources will be used towards candidates' social media campaigning will, and that the guise of First Amendment will be nonetheless used to circumvent the mandates of the United States and Commonwealth constitutions. As examples, he posits that in both the 2004 and 2008 general elections government agencies financed political candidates.

Hence, legislative reform creating the Office of the Elections Comptroller and the present circular. Such fears, however, cannot result in a gag for protected political speech.

Accordingly, the Court hereby enters a preliminary injunction immediately prohibiting the Elections Comptroller from enforcing OCE-DET-2020-02 as to the personal social media accounts of plaintiff mayors. Moreover, both the plaintiff and Elections Comptroller shall show cause on or before Monday, August 17, 2020 as to why the Court should not convert its preliminary injunction to a permanent one and enter judgment accordingly.

Although this ruling only applies to the 45 mayors members of the Puerto Rico Association of Mayors, its rationale nonetheless invariably applies to all other mayors who seeking reelection, as well as to any other current elected official again running for office– regardless of the political party she or he is affiliated to. Moreover, nothing in this injunction precludes the Elections Comptroller from taking all necessary action should a political candidate finance her or his campaign with government resources–including referral for criminal prosecution.

**SO ORDERED.**

In San Juan, Puerto Rico this 14th day of August 2020.

                                          *s/ Gustavo A. Gelpí*
                                         GUSTAVO A. GELPI
                                  United States District Judge